**In re US AIRWAYS, INC., et al.,[1] Debtors.**

**No. 04–13819.**

United States Bankruptcy Court, E.D. Virginia, Alexandria Division.

Jan. 6, 2005.

Brian P. Leitch, Daniel M. Lewis, Arnold & Porter LLP, Denver, CO, Robert A. Siegel, Tom A. Jerman, O'Melveny & Myers LLP, Washington, D.C., Lawrence E. Rifken, Douglas M. Foley, David I. Swan, McGuirewoods LLP, McLean, VA, Counsel to the Debtors and Debtors–in–Possession.

***CONSENT ORDER APPROVING MODIFICATIONS TO DEBTORS' COLLECTIVE BARGAINING AGREEMENT WITH THE COMMUNICATIONS WORKERS OF AMERICA***

STEPHEN S. MITCHELL, Bankruptcy Judge.

The Debtors in the above captioned

---

**1.** The Debtors are the following entities: US Airways, Inc., U.S. Airways Group, Inc., PSA Airlines, Inc., Piedmont Airlines, Inc. and Material Services Company, Inc.

chapter 11 cases [2] filed a motion pursuant to §§ 105, 363, 1113 and 1114 of the Bankruptcy Code (the "Motion") seeking the entry of an Order approving agreed-upon modifications to the terms of the collective bargaining agreement ("CBA") with the Communications Workers of America, AFL–CIO ("CWA"), which modifications are described in the documents attached as *Exhibit B* to the Motion (the "Agreement"), and to the extent necessary, to authorize the Debtors to perform under the CBA, as modified by the Agreement.

Upon consideration of the Motion and any timely opposition thereto, and upon consideration of the arguments of counsel and any evidence presented or proffered in support of and in opposition to the Motion, the Court finds [3] that: (i) it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; (ii) this proceeding is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); (iii) venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409; (iv) proper and adequate notice of the Motion has been given and no other notice is required under any provision of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure or the Local Rules of this Court; (v) the relief sought in the Motion is in the best interests of the Debtors' bankruptcy estates, their creditors and other parties-in-interest and the Debtors' entry into the Agreement is reasonable and appropriate; (vi) the Agreement strikes a fair balance among CWA's members in light of all considerations and consequences and does not impose modifications that are disproportionately adverse to any members of the CWA and the CWA's entry into the Agreement is reasonable and appropriate; and (vii) the CWA has elected not to serve as the "authorized representative" (as that term is used in § 1114 of the Bankruptcy Code) for the current retired CWA employees and, accordingly, the Agreement does not include negotiated modifications to the rights of existing CWA retirees, but the Debtors have reserved the right to seek relief under § 1114 of the Bankruptcy Code with respect to such retirees. After due deliberation and sufficient cause appearing therefore,

IT IS HEREBY ORDERED THAT:

1. The Motion is **GRANTED**.

2. The Agreement is hereby approved. The CBA shall be and hereby is deemed to be modified as reflected in the Agreement. The Debtors are authorized to perform under the CBA as modified by the Agreement. The Debtors and the CWA are authorized to enter into an amended and restated collective bargaining agreement, incorporating the terms of the Agreement, and such amended and restated collective bargaining agreement shall be binding upon the parties without the need for a further order of this Court.

3. Nothing contained herein shall constitute an assumption of any agreement described herein, including without limitation the CBA, nor shall anything herein be deemed to convert a prepetition claim into a postpetition claim or an administrative expense.

4. Subject to paragraphs 5 and 6 below, the Debtors will not seek or support any § 1113 relief (including § 1113(e) interim relief) from the CBA (as modified by the Agreement) before June 30, 2005, and will oppose such relief if sought by another party.

5. Notwithstanding paragraph 4 above, the Debtors may seek and/or support re-

---

**2.** All capitalized terms not defined herein shall be defined as in the Motion.

**3.** To the extent required, all findings of fact shall be treated as conclusions of law and all conclusions of law shall be treated as findings of fact.

lief pursuant to § 1113, including § 1113(e), and may choose not to oppose such relief if sought by another party, prior to June 30, 2005, if the Debtors can demonstrate that such relief is necessary because the Debtors are in grave and imminent danger that they will be forced to suspend, discontinue, or materially reduce their mainline flight operations, as compared to the operations as of the effective date of the Agreement.

6. If, after the Agreement is effective, but prior to the effective date of a chapter 11 plan of reorganization filed by the Debtors in this case, the Debtors seek authorization to reject the Agreement, consistent with paragraphs 4 and 5 of this Order, upon such rejection any claims arising from the Debtors' inability or failure to perform under the terms of the Agreement shall be treated as general unsecured claims and not as administrative expense claims, except to the extent that such claims are for compensation or benefits for services rendered during the pendency of these chapter 11 cases and prior to such rejection, in which case such claims shall be accorded administrative claim status to the full extent permitted by law. The Debtors reserve the right to argue that no claims for damages arise as a result of rejection of a collectively-bargained agreement and the CWA reserves the right to argue that a claim for damages does arise as a result of such rejection.

7. The Debtors' Application shall be withdrawn, only as it relates to the CWA, upon the effective date of the Agreement.

8. This Court retains jurisdiction with respect to all matters arising from, based upon, or related to the implementation of this Order.